UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'   JS-6

| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
|---|---|---|---|
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Dan Bolton | Kimberly Branscome<br>Allison Ozurovich |

**Proceedings:**    DEFENDANT ATRIUM MEDICAL CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT (Dkt. [7], filed on October 22, 2020)

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND (Dkt. [10], filed on November 9, 2020)

## I. INTRODUCTION

On September 10, 2020, plaintiffs Jose Avila, Rachel Bates, Hazel Benhamed-Masri, Brian Benhardt, Nury Bernal, John Coco, Herman Curley, Claude Daniels, Raymond Ferrell, John Langley, Betty Lewis, Raymond Maki, James Nakashian, Alan Roseman, Alfredo Vega, and Randy Walker (collectively, "plaintiffs") filed a complaint in the Superior Court of the State of California for the County of Los Angeles against defendant Atrium Medical Corporation ("Atrium") and Does 1 through 20. Dkt. 1-1 ("Compl."). Plaintiffs bring claims for: (1) product liability based on theories of failure to warn, (2) design defect, (3) manufacturing defect, and (4) negligence, as well as claims for (5) breach of implied warranty, (6) breach of express warranty, (7) fraud, and (8) negligent misrepresentation. Compl. ¶¶ 46–95.

Atrium was served with a summons and the complaint on September 16, 2020. Dkt. 1-2. On October 14, 2020, Atrium filed an answer in the Superior Court with regard to plaintiffs Avila, Benhamed-Masri and Vega only. Dkt. 1-4. Also on October 14, 2020, Atrium specially appeared in the Superior Court for the purpose of moving to quash service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

of summons by the remaining plaintiffs on the basis that that court lacked personal jurisdiction over their claims. Dkt. 1-3.

On October 15, 2020, Atrium removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, dkt. 1 ("Removal") ¶ 3, and on October 22, 2020, Atrium filed a motion to dismiss, dkt. 7 ("MTD"). Plaintiffs opposed the motion to dismiss, dkt. 9 ("Opp. to MTD"), and, on November 9, 2020, moved to remand the case to the Superior Court, dkt. 10 ("Remand"). Atrium filed a reply in support of its motion to dismiss on November 9, 2020, dkt. 11 ("MTD Reply"), and an opposition to plaintiffs' motion to remand on November 16, 2020, dkt. 12 ("Opp. to Remand"). On November 19, 2020, plaintiffs filed a reply in support of their motion to remand. Dkt. 14. The Court held a hearing on November 23, 2020.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

Atrium is a pharmaceutical company that, among other things, manufactures, distributes, markets and sells medical devices for hernia repair, including a range of synthetic monofilament polypropylene mesh medical devices. Compl. ¶¶ 1, 23. Although polypropylene mesh is used in some hernia repair surgeries, id. ¶ 32, plaintiffs allege it is susceptible to a range of complications, including "mesh shrinkage, expansion, deformation, cracking, foreign body reaction, chronic inflammation, migration, organ damage, nerve damage, chronic pain and sexual dysfunction," id ¶¶ 2, 34–39. Plaintiffs allege Atrium ignored evidence of these complications when it marketed its polypropylene mesh products for use in hernia repair surgeries to doctors and the public. Id. ¶ 40.

Plaintiffs are 16 individuals who were implanted with a polypropylene mesh product manufactured and sold by Atrium, id. ¶¶ 7–22, 41, and who allege to have suffered a series of injuries as a result of their mesh implants, id. ¶ 42. Plaintiffs bring claims against Atrium "to recover damages for injuries resulting from the failure to warn, design defect, manufacturing defect, negligence, negligent misrepresentation, fraud, and breach of implied and express warranties, by Atrium in the manufacture, promotion, marketing, distribution and sale of polypropylene mesh." Id. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

Plaintiffs and Atrium entered into tolling agreements on either June 5, 2018, or November 18, 2019; these agreements tolled the statute of limitations until September 15, 2020 for a range of claims potentially related to plaintiffs' injuries. Id. ¶¶ 5, 6; see Dkt. 11-1 ("Tolling Agmt"). (The complaint does not specify when plaintiffs received hernia repair surgery.) The tolling agreements include a choice of law provision establishing that the agreements would be interpreted and enforced according to California law. Compl. ¶ 5; Tolling Agmt at 2. They do not include a forum-selection clause. See MTD at 2 n.2; Tolling Agmt at 2.

Of the 16 plaintiffs presently in this action, three allege that they reside in California ("California plaintiffs"). Compl. ¶¶ 7, 9, 21. The other thirteen plaintiffs allegedly reside in eleven different states ("nonresident plaintiffs"), one of which is New Hampshire. Id. ¶¶ 8, 10–20, 22. Atrium is incorporated in Delaware with its principal place of business in New Hampshire. Id. ¶ 23; Removal ¶ 21. There is no dispute as to the citizenship of any party, and therefore on the face of the complaint there is no complete diversity to support federal diversity jurisdiction. See 28 U.S.C. § 1332(a)(1); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Nevertheless, Atrium argues that this Court should retain jurisdiction based on the theory that the non-resident plaintiffs have been fraudulently joined in order to defeat diversity jurisdiction. Removal ¶ 23. Atrium urges the Court, having assumed jurisdiction for this limited purpose, to dismiss the non-resident plaintiffs' because the Court lacks personal jurisdiction over their claims pursuant to the Supreme Court's ruling in Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773 (2017). Removal ¶ 23; MTD at 6–8. Plaintiffs argue that the proper course of action is for this Court to remand and for Atrium to challenge personal jurisdiction in the Superior Court. Remand at 1.

### III. LEGAL STANDARD

#### A. Removal

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. See 28 U.S.C. § 1441(a). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See Deutsche Bank Nat'l Trust Co. v. Galindo, No. CV 10-01893, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotation omitted).

**B. Fraudulent Joinder**

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). If a court finds fraudulent joinder of a sham defendant, it may disregard the citizenship of the sham defendant for removal purposes. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." (citing Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992)). In accordance with this high standard, "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042. Courts may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is 'sham' or 'fraudulent.'" Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:2295 (The Rutter Group 2020) (citing W. Am. Corp. v. Vaughan-Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985). However, a court's inquiry into fraudulent joinder ought to be "summary"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

because "'the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.'" Hunter, 582 F.3d at 1045 (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

Fraudulent joinder is typically alleged with regard to a non-diverse defendant, and "[f]ew courts have addressed the application of the fraudulent joinder rule to allegedly improper plaintiffs. Those that have, however, apply the rule to plaintiffs in the same manner as it is applied against defendants." Lighting Sci. Grp. Corp. v. Koninklijke Philips Elecs. N.V., 624 F. Supp. 2d 1174, 1183 (E.D. Cal. 2008) (citations omitted); see Casiano v. Deutsche Bank Nat'l Tr., No. EDCV 09-2124 DOC (OPx), 2010 WL 11557993, at *2 (C.D. Cal. Apr. 26, 2010) (quoting Lighting Sci. Grp., 624 F. Supp. 2d); Cal. Dump Truck Owners Ass'n v. Cummins Engine Co., 24 Fed. Appx. 727, 729 (9th Cir. 2001) (unpublished) (Ninth Circuit assumed without deciding that fraudulent joinder doctrine applies to plaintiffs as well as defendants).

### C. Fraudulent Misjoinder

Some courts also apply a "fraudulent misjoinder" doctrine. Fraudulent misjoinder was first articulated by the Eleventh Circuit in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). The misjoinder exception created by Tapscott applies "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (citing Tapscott). Essentially, "fraudulent misjoinder examines the *facts* to determine whether claims against one defendant 'aris[e] out of the same transaction, occurrence or series of transactions or occurrences' or have any 'real connection,' while fraudulent joinder requires an examination of the *merits* to determine if the plaintiff failed to state a claim against the non-diverse defendant." Perry v. Luu, No. 1:13-CV-00729-AWI-JLT, 2013 WL 3354446, at *4 (E.D. Cal. July 3, 2013) (emphasis in original); Blasco v. Atrium Med. Corp., No. C 14-03285 EDL, 2014 WL 12691051, at *5 (N.D. Cal. Oct. 30, 2014).

Fraudulent misjoinder is applied to the alleged misjoinder of plaintiffs in the same manner as it is applied to defendants. See Blasco, 2014 WL 12691051, at *5 ("The question … is whether the non-diverse Plaintiffs' claims 'arise out of the same transaction,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

occurrence, or series of transactions or occurrences' and have a 'real connection' with the diverse Plaintiffs' claims, and if not, whether the misjoinder is 'so egregious as to constitute fraudulent joinder.'" (quoting Tapscott, 77 F. 3d at 1360)).

## IV. DISCUSSION

As noted above, on the face of the complaint there is no complete diversity because defendant and one plaintiff are citizens of New Hampshire. Compl. ¶¶ 16, 23. Therefore, this Court does not have subject matter jurisdiction over the case, and remand is proper. See 28 U.S.C. § 1332(a)(1); Gaus, 980 F.2d at 566. Nevertheless, Atrium argues the Court should exercise jurisdiction on the theory that the non-resident plaintiffs, including the New Hampshire plaintiff, were fraudulently joined. Removal ¶ 23. Plaintiffs characterize Atrium's argument as being premised on fraudulent misjoinder, and argue that the Court should reject it. Remand at 1.

### A. Fraudulent Joinder

Atrium argues the non-resident plaintiffs have been fraudulently joined because, pursuant to Bristol-Myers Squibb, the Court lacks personal jurisdiction over their claims. Removal ¶ 41; MTD Reply at 7. But this case is not an obvious candidate for fraudulent joinder. For one, although a handful of cases have applied fraudulent joinder to the joinder of plaintiffs, this Court is aware of no binding authority doing so. Furthermore, the non-resident plaintiffs cannot be said to be "sham" plaintiffs in that it is not "obvious" that they "fail[] to state a cause of action against [Atrium]." McCabe, 811 F.2d at 1339. To the contrary, their claims are straightforward: They allege they were implanted with hernia repair mesh that Atrium manufactured, marketed and sold, and that those implants resulted in injury. Furthermore, these factual and legal questions are common to both the California plaintiffs' and the non-resident plaintiffs' claims. See Remand at 12. Finally, although Atrium raises issues of personal jurisdiction over the non-resident plaintiffs' claims, the Court is disinclined to go beyond a "summary" analysis of the claims which, on their face, do state a claim for relief. Hunter, 582 F.3d at 1045, 1042 ("[T]he court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

resolves all ambiguity in favor of remand to state court."). The Court therefore declines to assert jurisdiction over the case based on the theory of fraudulent joinder.[1]

### B. Fraudulent Misjoinder

Although Atrium frames its argument as being based on fraudulent joinder, not misjoinder, Opp. to Remand at 12, plaintiffs characterize it as an improper invocation of

---

[1] In its motion to dismiss, Atrium advances an additional, independent but related reason this Court should assume jurisdiction, namely, that this Court should exercise its discretion to address questions of personal jurisdiction at the threshold. MTD at 10. The crux of Atrium's argument is that Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773 (2017), reveals an obvious personal jurisdiction defect which the Court can and should address before turning to the question of subject-matter jurisdiction. Removal ¶¶ 43, 45; MTD at 10, 11. Although, "in certain circumstances, a district court will not abuse its discretion by dismissing a case on personal jurisdiction grounds before determining whether it has subject matter jurisdiction over the case," Special Investments, Inc. v. Aero Air, Inc., 360 F.3d 989, 994 (9th Cir. 2004) (citation omitted), "[w]here 'subject-matter jurisdiction will involve no arduous inquiry,' [] 'both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first,'" Mothershed v. Justices of Supreme Court, 410 F.3d 602, 607 (9th Cir. 2005) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587–88 (1999)). Here, the question of subject matter jurisdiction is simple because Atrium is a citizen of New Hampshire and so is one plaintiff. Compl. ¶¶ 16, 23. To the contrary, the question of personal jurisdiction over the non-resident plaintiffs' claims involves, at minimum, analysis of Bristol-Myers Squibb and the parties' arguments involving the tolling agreements. See MTD at 6–10. For this reason, the Court adheres to the policy of addressing subject matter jurisdiction before personal jurisdiction, and finds subject matter jurisdiction lacking. See Gowan v. Stryker Corp., No. 18-CV-07785-BLF, 2019 WL 2410515, at *5 (N.D. Cal. June 7, 2019) (addressing "relatively straightforward" question of fraudulent joinder before personal jurisdiction). In reaching this conclusion, the Court acknowledges the non-binding authority to which Atrium cited, but declines to adopt its reasoning. See MTD at 6–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

fraudulent misjoinder, Remand at 5. Plaintiffs accordingly argue that this case must be remanded because the theory of fraudulent misjoinder has not been adopted in the Ninth Circuit. Remand at 5.

To the extent Atrium's argument is premised on fraudulent misjoinder, it does not succeed. As an initial matter, "[w]hile fraudulent joinder is a well-established exception to the complete-diversity rule," Gleicher v. Hartford Underwriters Ins. Co., No. CV-17-0773-FMO-GJSX, 2017 WL 1370689, at *3 (C.D. Cal. Apr. 10, 2017) (quotation and alteration omitted), "the Ninth Circuit has not adopted Tapscott," Lopez v. Pfeffer, No. 13-CV-03341-NC, 2013 WL 5367723, at *4 (N.D. Cal. Sep. 25, 2013), and "the vast majority of district court cases within the Ninth Circuit have refused to apply the doctrine," Hampton v. Insys Therapeutics, Inc., 319 F. Supp. 3d 1204, 1210 (D. Nev. 2018). As such, the Court concludes the doctrine of fraudulent misjoinder is unavailable to the extent Atrium invokes it here. See Blasco, 2014 WL 12691051, at *5 (declining to "apply the doctrine of fraudulent misjoinder to ignore the citizenship of the non-diverse Plaintiffs"); Perry, 2013 WL 3354446, at *5 (same); Carper v. Adknowledge, Inc., 13-CV-03921-JST, 2013 WL 5954898 (N.D. Cal. Nov. 6, 2013) (same).

Even if this Court were to apply the theory of fraudulent misjoinder, it would not assist Atrium. As a threshold matter, when a case has been removed from state court on a theory of fraudulent misjoinder, courts apply state joinder law to the question of whether the non-resident plaintiffs have been fraudulently misjoined. See Blasco, 2014 WL 12691051, at *5 ("Most district courts faced with the question have similarly held that state law applies." (citation omitted)). This is in keeping with the "well-established legal presumption that 'removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts' and other important federalism and comity concerns." Id. at *6 (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005)).

Therefore, because this case was initially filed in the Superior Court of California, this Court applies California's joinder law to the question of misjoinder. See Blasco, 2014 WL 12691051, at *5. Cal. Code Civ. P. § 378 states, in relevant part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Although section 378 is based on Fed. R. Civ. P. 20, Rodriguez

Case 2:20-cv-09442-CAS-MRW   Document 16   Filed 11/23/20   Page 9 of 10   Page ID #:250

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

v. Bethlehem Steel Corp., 12 Cal. 3d 382, 407 n.28 (1974), it is more permissive, Blasco, 2014 WL 12691051, at *6. "The purpose of section 378 is to permit the joinder in one action of several causes arising out of identical or related transactions and involving common issues. The statute should be liberally construed so as to permit joinder whenever possible in furtherance of this purpose." Coleman v. Twin Coast Newspaper, Inc., 175 Cal. App. 2d 650, 653 (1959). "[J]oinder of plaintiffs is permitted if there is *any* factual relationship between the claims alleged." State Farm Fire & Cas. Co. v. Superior Court, 45 Cal. App. 4th 1093, 1113 (1996) (emphasis in original), abrogated on other grounds by Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163 (1999). Pursuant to California law, even "a common question of liability satisfies the party-joinder rules." Osborn v. Metro. Life Ins. Co., 341 F. Supp. 2d 1123, 1129 (E.D. Cal. 2004) (citation omitted).

Here, as noted above, although there will no doubt be significant factual differences between the plaintiffs' claims, at the root of each plaintiff's claim are common questions of liability. See Remand at 12. Therefore, the Court finds there was no misjoinder, and thus no fraudulent misjoinder. See Blasco, 2014 WL 12691051, at *6 ("[T]he adequacy of the warnings and the marketing and manufacture of the products in question are common issues with respect to all of the Plaintiffs. Therefore, there does not appear to have been a misjoinder under California law."). Furthermore, even if the propriety of joinder is in doubt, the Court finds that it is not so "egregious" as to rise to the level of fraudulent misjoinder. See id. at *8. In any event, the Superior Court is as well if not better positioned to resolve questions of joinder under California law. See Perry, 2013 WL 3354446, at *5 ("[T]he Court finds no need to expand removal jurisdiction in that there is no showing that the state court is incompetent to determine the issue of misjoinder.").

### C. Attorneys' Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In the context of a remand order, pursuant to section 1447(c), district courts have "wide discretion" to decide whether to award attorneys' fees and costs. See Moore v. Permanente Med. Grp., 981 F.2d 443, 447 (9th Cir. 1992). Courts generally award fees "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09442-CAS-MRWx | Date | November 23, 2020 |
| Title | JOSE AVILA, ET AL. v. ATRIUM MEDICAL CORP., ET AL. | | |

Plaintiffs argue that Atrium's notice of removal was "baseless" because it was premised on a theory expressly rejected by numerous courts in the Ninth Circuit, namely, fraudulent misjoinder. Remand at 13. Although some courts in this circuit have awarded attorneys' fees where a party removed a case based on fraudulent misjoinder, see, e.g., Lopez, 2013 WL 5367723, at *5, others have declined to do so, see, e.g., Blasco, 2014 WL 12691051, at *8. In this case, the Court exercises its discretion to deny the request for attorneys' fees.

V.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiffs' motion to remand this action to the Los Angeles County Superior Court. The Court **DENIES** plaintiffs' request for attorneys' fees related to the preparation and filing of their motion for remand. The Court **DENIES without prejudice as moot** defendant's motion to dismiss pending resolution of the proceedings in the Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |